IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PARENTS, FAMILIES, AND FRIENDS OF LESBIANS AND GAYS, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:11-cv-04212 ) |
| CAMDENTON R-III SCHOOL DISTRICT, et al., | ) ) ) |
| Defendants. | ) |

## CONSENT JUDGMENT

This Court, having reviewed and taken judicial notice of the pleadings herein, and by consent of Plaintiffs and Defendants, hereby enters Judgment as follows:

**THE COURT RECORD REFLECTS AND THE COURT FINDS AS FOLLOWS:**

1. Plaintiffs' First Amended Complaint alleges that Camdenton R-III School District ("District") has used URL Blacklist as part of its internet website filtering system and that use of URL Blacklist discriminatorily blocked access to many internet websites that are LGBT-supportive, while allowing access to internet websites that express anti-LGBT viewpoints. Plaintiffs alleged that the District's internet website filtering policies amounted to viewpoint discrimination, in violation of the First Amendment to the U.S. Constitution.

2. Defendants denied that their internet website filtering system constituted unconstitutional viewpoint discrimination and argued that Plaintiffs lacked standing to assert their claims.

3. On February 14, 2012, Defendants filed a motion notifying this Court that URL Blacklist had identified a "script error," which resulted in inappropriate blocking of LGBT-supportive websites that were suitable for student viewing. Defendants stated that URL Blacklist made

changes to its script, and that those changes corrected the misclassification of certain of these websites, but not all of them. Because some misclassification remained, the District informed this Court that it had manually unblocked all of the remaining LGBT-supportive websites identified in the First Amended Complaint as being improperly blocked by the District.

4. Defendants have represented that they do not intend to block any of the websites listed in Plaintiffs' First Amended Complaint even if those websites are once again placed in URL Blacklist's category for "sexuality."

## THE COURT ORDERS AS FOLLOWS:

This matter coming before the Court on the Parties Joint Motion for Approval of their Consent Decree, and the Court being fully advised in the premises, the Court hereby orders as follows:

5. Plaintiffs' claims against Superintendent Hadfield in his individual and official capacity are dismissed with prejudice.

6. Within ten days after entry of this Consent Judgment, District shall place the websites listed in Plaintiffs' First Amended Complaint on its customized "whitelist" of websites that shall be accessible to all students in the district. District shall file a notice confirming its compliance with this provision.

7. In light of URL Blacklist's prior admitted errors, District shall proactively monitor the list of websites included in URL Blacklist's "sexuality" category to ensure that LGBT-supportive websites are not and have not been improperly added to the category. In the event that such sites are found on URL Blacklist's "sexuality" category, District shall, and, in the event they are added, place the websites on their customized "whitelist" of websites that shall be accessible to all students in the district.

8. To ensure compliance with this provision, for 18 months after entry of this Consent Judgment, District shall – on January 15, April 15, July 15, and October 15 – provide Jeff Spiegel with a list of websites blocked at the district as a result of its use of the sexuality filter. Mr. Spiegel shall provide copies of the list to Plaintiffs' counsel. If counsel for Plaintiffs identifies LGBT-supportive websites improperly included on the list, District agrees to unblock those websites if the District determines that doing so would be consistent with its general policies for internet usage. In the event that the parties disagree as to whether a particular website should be unblocked, the dispute will be resolved by the Court.

9. Plaintiffs PFLAG, DignityUSA, Campus Pride, and the Matthew Shepard Foundation shall have standing to enforce the terms of this Consent Judgment whether or not their own websites are blocked by the District.

10. Within 30 days after entry of this Consent Judgment, District shall pay Plaintiffs' counsel $125,000 for costs and attorneys' fees in this matter. Payment shall be delivered to Plaintiffs' counsel at Thompson Coburn LLP.

11. This order and Consent Judgment fully and finally resolves the claims asserted in Plaintiffs' First Amended Complaint and all pending motions before the Court. This Court retains jurisdiction to enforce this Consent Judgment.

DATED: April 6, 2012               s/ NANETTE K. LAUGHREY

                                           Honorable Nanette K. Laughrey
                                       UNITED STATES DISTRICT JUDGE

- 3 -

Case 2:11-cv-04212-NKL   Document 129   Filed 04/06/12   Page 3 of 3